**Orion E. PATTON, Appellant,**

v.

**Helen PATTON, Appellee.**

**No. 2994.**

Municipal Court of Appeals for the
District of Columbia.

Argued April 3, 1962.

Decided April 19, 1962.

Maurine H. Abernathy, Washington, D.
C., for appellant.

Fred C. Sacks, Washington, D. C., for
appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation un-
der Code § 11-776(b).

CAYTON, Judge.

Claiming "change of circumstance," ap-
pellant husband filed a motion to vacate a
support order which had been entered some
17 months earlier. There was a two-day
hearing at which the parties and several
witnesses were heard, and a mass of docu-
mentary evidence was received. The trial
judge filed a memorandum overruling the
motion. A few days later defendant filed a
motion for rehearing, based on newly dis-
covered evidence. After hearing, that mo-
tion was also overruled.

■ On this appeal the principal ques-
tion is whether the evidence required a rul-
ing in favor of the husband. There was, as
we have said, a full hearing. The husband's
claim was that the wife's income and earn-
ing ability had improved since the time the
support order was entered, and that his own
financial condition had deteriorated, partly
because of a serious and painful illness and
partly because it had become necessary for
him to assume financial responsibility for
his infirm and elderly mother. The wife
claimed that her own health was poor. As
to these matters, and their effect on the re-
spective position of the parties, there was a
great deal of verbal testimony. Also pre-
sented were many documents dealing with
the income and financial requirements of
the parties. After studying the evidence
and reviewing all the circumstances, and
the financial picture presented, we find no
ground for reversing the ruling below that
there was a lack of "sufficient proof of sub-
stantial and material change of conditions
and circumstances of either party to justify
modification" of the original support order.

We have also considered errors assigned in connection with rulings on admission and exclusion of evidence. While not all such rulings were precisely correct, we are satisfied none of them were prejudicial in nature.

We have closely read the transcript, to determine whether there is valid basis for the claim that the trial judge evidenced hostility and bias toward appellant and his attorney. The transcript, read as a whole, reveals no cause for complaint. Some procedural and evidentiary rulings adverse to appellant were sternly stated (and sometimes restated), and strictly enforced. But the trial seems to have been handled courteously and carefully, with due regard for the rights—and even the feelings—of both parties and their counsel.

At argument we were told that appellant has now lost his job. If for that or any other valid reason his condition has appreciably worsened in the four months since the last ruling below, or if he has other evidence to justify it, appellant has the right to again seek relief in the trial court.

Affirmed.